# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

## * * *

| | | |
|---|---|---|
| WILLIAM SHELDON BEAVER, | ) | Case No.: 2:09-cv-02415-RLH-RJJ |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motion for Summary Judgment–#16) |
| MARSHAL B. JOHNSON, P #225; CLARK COUNTY, NEVADA; DISTRICT COURT MARSHAL'S OFFICE, | ) | |
| Defendants. | ) | |

Before the Court is Defendants Marshal B. Johnson, District Court Marshal's Office, and Clark County's **Motion for Summary Judgment** (#16, filed Mar. 25, 2011). The Court has also considered Plaintiff William Sheldon Beaver's Opposition (#20 , filed Mar. 29). Defendants did not file a Reply.

## BACKGROUND

Beaver is suing Defendants because he claims that Defendant Johnson, a marshal at the Family Court and Services Center in Las Vegas, violated his constitutional rights by physically attacking him without justification. He makes the following allegations in support of his claims. Beaver was attempting to enter the Family Court building when the marshals told him he could not

take his pocket knife with him.  Beaver took the knife back to his car and then returned to the building.  When he was passing through security again he complained about the process of going though security.  Defendant Johnson began yelling at Beaver because of Beaver's complaints and told Beaver to leave the building.  As Beaver was leaving he told Johnson that Johnson was being immature.  Johnson allegedly followed Beaver out of the building after hearing this and proceeded to physically attack him.  Eventually Johnson arrested Beaver.  Beaver subsequently sued Johnson, Clark County, and the Marshal's Office for violations of constitutional and state law.  Defendants have now filed a motion for summary judgment which, for the reasons discussed below, the Court grants in part and denies in part.

## DISCUSSION

**I.      Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994).  Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'"  *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)).  In evaluating a summary judgment motion, a court views all facts and draws all

///

AO 72
(Rev. 8/82)

1    inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach*

2    *& Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

3            The moving party bears the burden of showing that there are no genuine issues of

4    material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  "In order to carry

5    its burden of production, the moving party must either produce evidence negating an essential

6    element of the nonmoving party's claim or defense or show that the nonmoving party does not

7    have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."

8    *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once the

9    moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to

10   "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

11   The nonmoving party "may not rely on denials in the pleadings but must produce specific

12   evidence, through affidavits or admissible discovery material, to show that the dispute exists,"

13   *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply

14   show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285

15   F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of

16   evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

17   **II.    Analysis**

18           **A.    Municipal Liability under § 1983**

19           Municipal liability under § 1983 may be based on (1) an express municipal policy,

20   (2) a widespread practice that constitutes a custom or usage, or (3) the decision of a person with

21   final policymaking authority. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Pembaur*

22   *v. City of Cincinnati*, 475 U.S. 469, 481–83 (1986).  Municipalities may not be subject to liability

23   under § 1983 on the basis of respondeat superior. *Coon v. Town of Springfield*, 404 F.3d 683, 687

24   (2d Cir. 2005).

25           Beaver asserts a claim not only against Johnson but against Clark County and the

26   District Court Marshal's Office while at the same time alleging that Johnson did not act "pursuant

AO 72
(Rev. 8/82)

1   to any plan, scheme, custom, usage or policy of Clark County to violate his constitutional rights."

2   (Dkt. #1, Petition for Removal, Ex. 3, Complaint, ¶ 25).  By Beaver's own allegation, therefore,

3   his claim under § 1983 fails as to Clark County and the District Court Marshal's Office because

4   these municipal entities may only be liable under § 1983 if Johnson acted pursuant to a policy,

5   custom, or usage.  Therefore, the Court grants Defendants' motion as to Beaver's § 1983 claim

6   against Clark County and the District Court Marshal's Office.

7         **B.**    **Fourteenth Amendment**

8        "[A]ll claims that law enforcement officers have used excessive force—deadly or

9   not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be

10   analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a

11   'substantive due process' approach."  *Graham v. Connor*, 490 U.S. 386, 395 (1989).  "[The]

12   Fourth Amendment sets the applicable constitutional limitations on the treatment of an arrestee

13   detained without a warrant up until the time such arrestee is released or found to be legally in

14   custody based upon probable cause," at which time the Fourteenth Amendment sets the standard.

15   *Pierce v. Multnomah County, Or.*, 76 F.3d 1032, 1043 (9th Cir. 1996).

16        Beaver alleges that Johnson violated Beaver's Fourteenth Amendment rights by

17   using excessive force in the course of his seizure and arrest outside the Family Court and Services

18   Center.  Beaver's allegations therefore fall under the confines of the Fourth Amendment and not

19   the Fourteenth Amendment.  Accordingly, the Court grants Defendants' motion as to Beaver's

20   Fourteenth Amendment claim.

21         **C.**    **Fourth Amendment**

22        When determining whether the use of force during an arrest is reasonable under the

23   Fourth Amendment, a court examines the following factors: (1) the severity of the crime at issue;

24   (2) whether the suspect posed an immediate threat to the safety of the officers or others; and (3)

25   whether the suspect was actively resisting arrest or attempting to evade arrest by flight.  *Graham*,

26   490 U.S. at 396.

Beaver has provided evidence meeting all of these factors.  He has provided his own sworn declaration, as well as that of George Wilber Coleman, an eyewitness to the alleged constitutional violations, showing that Johnson attacked Beaver without reasonable provocation and arrested him without cause.  These declarations are sufficient to create a material issue of fact for trial.  The Court, therefore, denies Defendants' motion as to Beaver's Fourth Amendment claim.

**D.     First Amendment Retaliation**

To prove First Amendment retaliation, a plaintiff must prove (1) he was engaged in protected First Amendment activity, (2) the defendant took action that would chill or silence a person of ordinary firmness from future First Amendment activity, and (3) the defendant's actions were substantially motivated by his desire to cause this chilling effect.  *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900–01 (9th Cir. 2008).

Again, Beaver has provided sufficient evidence to establish, for summary judgment purposes, a First Amendment retaliation claim.  His and Mr. Coleman's declarations describe Defendant Johnson telling Beaver to leave the Family Court and Services Center because Beaver was complaining about the process of going through security.  According to the declarations, as Beaver was leaving the building he said, speaking to Johnson, "You're about 230 pounds, six feet plus and 30 years old.  Why are you still acting like a small boy?"  As a result of this comment, the declarations state, Johnson attacked Beaver and ultimately arrested him.  Although Defendants' version of the facts is drastically different, the Court finds that these declarations are sufficient evidence to create a factual dispute for trial.  Accordingly, the Court denies Defendants' motion as to the First Amendment retaliation claim.

**E.     State Law Claims**

Defendants motion is denied as to Beaver's state law claims for battery, false arrest, and false imprisonment for the same reason it is denied as to Beaver's First and Fourth Amendment claims.  The parties' version of the facts are vastly different and Beaver's evidence

AO 72
(Rev. 8/82)

1   (his and Mr. Coleman's declarations) is sufficient to establish a material factual dispute for trial.

2   Accordingly, the Court denies the motion with respect to the state law claims.

3   **F.     Immunity**

4           The evidence provided by Beaver also demonstrates that Johnson is not entitled to

5   an immunity defense because it describes Johnson deliberately attacking Beaver with no

6   justification, a violation of a clearly established constitutional right.  *Pearson v. Callahan*, 555

7   U.S. 223 (2009).  Johnson is also not entitled to discretionary immunity under the evidence

8   provided because he was not exercising his discretion at the time of the alleged conduct.  NRS

9   41.032(2).  Therefore, the Court denies Defendants' motion with respect to qualified and

10  discretionary immunity.

11                          **CONCLUSION**

12          Accordingly, and for good cause appearing,

13          IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#16)

14  is GRANTED in part and DENIED in part.

15          •      GRANTED as to Beaver's claim against Clark County and the District

16                 Court Marshal's Office under § 1983; Beaver's Fourteenth Amendment

17                 claim.

18          •      DENIED as to all other claims.

19          Dated: January 9, 2012

20

21          _____

22          **ROGER L. HUNT**
            **United States District Judge**

23

24

25

26